**Electronically Filed
Intermediate Court of Appeals
29271
31-AUG-2012
08:12 AM**

NO. 29271

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WALTER RAMSEY, Plaintiff-Appellant,
v.
SACHIKO ITO, Defendant-Appellee.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 06-1-3590)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Plaintiff-Appellant Walter Ramsey (Husband) appeals from the Family Court of the First Circuit's (family court)[1] Divorce Decree filed June 19, 2008, which dissolved Husband's marriage with Defendant-Appellee Sachiko Ito (Wife). On appeal Husband argues that the family court erred in holding that a premarital agreement signed by Husband and Wife is enforceable pursuant to Hawaii Revised Statutes (HRS) § 572D-6 (2006 Repl.).

Husband raises the following points of error on appeal:

(1) The family court's Finding of Fact (FOF) No. 13 is clearly erroneous. FOF No. 13 states that "[t]he Premarital Agreement states that Husband and Wife provided each other with financial disclosures; Husband has not provided any proof that Wife's financial disclosures were not provided at the time of entering into the Premarital Agreement.";

---

[1] The Honorable Karen M. Radius presided.

(2) The family court's FOF No. 14 is clearly erroneous. FOF No. 14 states that "[a]s per the Premarital Agreement, Husband expressly waived "further information regarding the assets and liabilities or debts of [Wife].";

(3) The family court's FOF No. 19 is clearly erroneous. FOF No. 19 states that "[n]o testimony or evidence was provided as to whether Husband owned AOL stock at the time of the divorce.";

(4) The family court's FOF No. 20 is clearly erroneous. FOF No. 20 states that "[n]o proof was provided as to earnings that either Husband or Wife received and invested during the marriage.";

(5) The family court's Conclusions of Law (COL) Nos. 8, 9, and 10 are wrong. COL No. 8 states that "Husband and Wife were provided fair and reasonable disclosure of the property or financial obligations of the other party before executing the Premarital Agreement." COL No. 9 states that "Husband and Wife voluntarily and expressly waived, in writing, any right to disclosure of the property or financial obligations of the other party beyond the disclosure provided." COL No. 10 states that "Husband and Wife had, or reasonably could have had, an adequate knowledge of the property and financial obligation of the other party. No evidence was presented that either party requested further disclosure through counsel prior to signing the premarital agreement.";

(6) The family court's COL No. 11 is in error. COL No. 11 provides that "[t]he Premarital Agreement was not unconscionable when it was executed."; and

(7) The family court's COL Nos. 14 and 15 are in error. COL No. 14 states that "[t]he Premarital Agreement by and between Husband and Wife shall not be set aside." COL No. 15 states that "[a]ccordingly, as per the Premarital Agreement, Husband shall pay to Wife SIXTEEN HUNDRED AND NO/100 DOLLARS ($1,600.00) per

month alimony for a period of thirty-six (36) months, commencing on April 15, 2008."

Upon careful review of the record, the briefs submitted, and the issues raised by the parties, we resolve Husband's appeal as follows.

Husband argues that the premarital agreement between Husband and Wife is unenforceable pursuant to HRS § 572D-6 (1996 Repl.), which states:

> [§572D-6] **Enforcement.** (a) A premarital agreement is enforceable and shall be binding in any action unless the party against whom enforcement is sought proves that:
> (1) That party did not execute the agreement voluntarily; or
> (2) <u>The agreement was unconscionable</u> when it was executed <u>and</u>, before execution of the agreement, <u>that party</u>:
>    (A) Was not provided a fair and reasonable disclosure of the property or financial obligations of the other party;
>    (B) Did not voluntarily and expressly waive, in writing, any right to disclosure of the property or financial obligations of the other party beyond the disclosure provided; <u>and</u>
>    (C) <u>Did not have, or reasonably could not have had, an adequate knowledge of the property or financial obligations of the other party.</u>

(Emphasis added).

We hold that the family court did not err in concluding that the premarital agreement is enforceable. There is no dispute that Husband entered the agreement voluntarily. Therefore, the dispute in this case centers on whether Husband met his burden to show that the agreement was unenforceable under HRS § 572D-6(a)(2). In this regard, Husband failed to prove, at the very least, the third prong under HRS § 572D-6(a)(2)(C). In other words, Husband did not establish that he "[d]id not have, or reasonably could not have had, an adequate knowledge of the property or financial obligations" of Wife. The corresponding COL challenged on appeal is COL No. 10, which states that "Husband and Wife had, or reasonably could have had, an adequate knowledge of the property and financial obligation of the other party. No evidence was presented that either party requested

further disclosure through counsel prior to signing the premarital agreement."

A conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case. See Del Monte Fresh Produce (Hawaii), Inc. v. Int'l Longshore & Warehouse Union, Local 142, AFL-CIO, 112 Hawai'i 489, 499, 146 P.3d 1066, 1076 (2006). "As a general matter, a finding of fact or a mixed determination of law and fact is clearly erroneous when '(1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made.'" Id. (quoting In re Water Use Permit Applications, 94 Hawai'i 97, 119, 9 P.3d 409, 431 (2000)).

Pursuant to the plain language of HRS § 572D-6, it was Husband's burden to demonstrate that, in addition to the agreement being unconscionable when it was executed, all three prongs of HRS § 572D-6(a)(2) were met. While Husband makes the conclusory argument that "Husband did not and could not have had an adequate knowledge of the property or financial obligations of Wife[,]" he fails to provide a discernible argument as to why COL No. 10 is clearly erroneous. See Norton v. Admin. Dir. of Court, State of Hawai'i, 80 Hawai'i 197, 200, 908 P.2d 545, 548 (1995) (a court may disregard a party's particular contention where that party makes no discernible argument in support of that position).

Even assuming arguendo that Husband has not waived his argument with respect to COL No. 10, the family court did not clearly err in its COL No. 10. Husband's own testimony supports COL No. 10. When asked whether he asked for any financial information regarding his Wife's assets, Husband answered "No."

Moreover, Husband does not dispute the family court's finding that "[p]rior to being married, Husband and Wife entered

4

into a Premarital Agreement on October 3, 2002," that at the time of entering the Premarital Agreement both Husband and Wife were represented by separate attorneys, and that "[o]ne month after signing the Premarital Agreement, Husband signed in front of his lawyer that he understood the consequences of the execution of the agreement, signed it voluntarily and that he received legal advice." Furthermore, it is undisputed that the premarital agreement states, in relevant part, that:

> Although they know they have the right to it, neither [Husband] or [Wife] requires further information regarding the assets and liabilities or debts of the other. In addition, [Husband] has a sufficient knowledge of [Wife's] income and her capacity to earn and receive income, and [Wife] has a sufficient knowledge of [Husband's] income and his capacity to earn and receive income.

Husband thus failed to show, at a minimum, that he "[d]id not have, or *reasonably could not have had*, an adequate knowledge of the property or financial obligations of the other party." HRS § 572D-6(a)(2)(C) (emphasis added). There is substantial evidence in the record to support the family court's determination enforcing the premarital agreement.

We need not and thus do not address the remainder of Husband's points of error.

Therefore,

IT IS HEREBY ORDERED THAT the family court's June 19, 2008 Divorce Decree is affirmed.

DATED: Honolulu, Hawaiʻi, August 31, 2012.

On the briefs:

Justin L. Sturdivant
(Smith & Sturdivant, LLLC)
for Plaintiff-Appellant

Thomas D. Farrell
Gary G. Singh
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge

5